IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:06-319-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Matthew Golden, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises claims relating to alleged ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ripe for resolution.[1]

On March 22, 2006, a federal grand jury returned an Indictment which charged Defendant with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of Title 21 U.S.C. §§ 841(a)(1)(b)(1)(A) and 846. The Government and Defendant thereafter reached an agreement under which Defendant pleaded guilty to a two-count Superseding Information which charged a violation of the general conspiracy statute, 18 U.S.C. § 371, and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D). The written plea agreement contained the parties' agreement that Defendant's sentence should be 120 months' imprisonment, the result of stacking together the statutory maximum for each count of conviction. On September 26, 2006, Defendant waived

---

[1]Defendant's response, filed April 23, 2008, is titled "Defendant's Motion for Leave to File Reply to Government's Response . . . ." The court has treated this "motion" as Defendant's response to the Government's motion for summary judgment.

1

indictment and pleaded guilty to this Superseding Information.

On February 16, 2007, Defendant was sentenced to 60 months' imprisonment as to each count of conviction, to be served consecutively, for a total of 120 months' imprisonment. Defendant's plea agreement contained a waiver of appeal and Defendant did not appeal his conviction or sentence.

Defendant has timely filed this § 2255 motion, alleging ineffective assistance of counsel. Defendant contends that his counsel was ineffective in failing to file a motion to dismiss that he (Defendant) specifically requested be filed and in refusing to request that Defendant's sentences on Counts One and Two of the Superseding Information be served concurrently.

For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses this § 2255 motion with prejudice.

## STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

2

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

When challenging counsel's action in a case in which Defendant entered a guilty plea, Defendant must establish prejudice by showing that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

## ANALYSIS

Defendant's first ground for relief maintains that his counsel was ineffective because he (Defendant) specifically requested that counsel file a motion to dismiss the Indictment and Superseding Information because of alleged deficiencies relating to whether these charging documents contained prosecutable offenses and whether the charges were brought within the statute of limitations period.

At his Rule 11 hearing, this court specifically asked Defendant the following:

[The court]: Have you had a chance to go over with your lawyer the evidence in this case, that is the evidence that the government claims to have and would likely use if the case were to go to trial? Matthew Golden?

[Defendant]: Yes, ma'am. . . .

[The court]: Have you had a chance to tell your lawyer your side of the story? Matthew Golden?

3

>[Defendant]: Yes, ma'am. . . .
>
>[The court]: Have you had a chance to tell your lawyer about the names of any witnesses, if there are any, or the existence of any documents, if there are any, that would be important to you in deciding whether or not to go to trial? Matthew Golden?
>
>[Defendant]: Yes, ma'am. . . .
>
>[The court]: Are you fully satisfied with the advice, counsel, and representation that you have received in this case from your lawyer? Matthew Golden?
>
>[Defendant]: Yes, ma'am. . . .
>
>[The court]: **Is there anything that your lawyer has failed to do that you asked him do? Matthew Golden?**
>
>[Defendant]: **No, ma'am.**

Tr. of Guilty Plea at 15-16 (Dkt. # 79, filed June 25, 2007) (emphasis added).

The sworn statements Defendant made during his plea colloquy bar his subsequent averments to the contrary. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003); *see Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71.

4

It is not disputed that Defendant and his counsel discussed the possibility of filing a motion to dismiss the charges in the Indictment based upon a statute of limitations defense. However, Count One of the Superseding Information charged that Defendant committed an overt act within the statute of limitations period, and Defendant waived his statute of limitations defense to Count Two of the Superseding Information in his plea agreement and on the record in the same Rule 11 hearing:

> [Court]: And it's my understanding that you have discussed with your lawyers the issue of the statute of limitations, the possible staleness of these charges, and whether or not that might be a legitimate defense if this case were to go forward, and you have decided that you want to give up or waive any statute of limitations issues and go forward and plead guilty to these particular charges; is that right, Matthew Golden?
>
> [Defendant]: Yes, ma'am.

Tr. of Guilty Plea at 19.

Additionally, Defendant's contention that § 371 does not contain a prosecutable offense relating to his drug distribution activities and that the Government's factual basis did not form a sufficient basis for the foundation of his plea of guilty is without merit. Accordingly, Defendant's first ground for relief is without merit and the Government is entitled to summary judgment on this claim.

Defendant's second claim for relief contends that his counsel was ineffective in failing to request that this court impose a concurrent sentence. Defendant asserts that the sentence imposed was "unreasonable" and that this court "failed to consider adequately the reasonableness of his sentence in light of § 3553(a)'s sentencing factors or to explain adequately its consideration of those factors." Memo. in Support of M. to Vacate at 11 (Dkt. # 90-2, filed Jan. 30, 2008).

Section 2255 provides a means for one convicted of a federal offense to collaterally attack

a conviction or sentence that "was imposed in violation of the Constitution or laws of the United States," and thus § 2255 relief is not limited to constitutional error in a conviction or sentence. 28 U.S.C.A. § 2255; *see Davis v. United States*, 417 U.S. 333, 345-46 (1974). However, the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks omitted), or is "inconsistent with the rudimentary demands of fair procedure," *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (internal quotation marks omitted). Compare *Addonizio*, 442 U.S. at 184-90 (concluding that change in United States Parole Commission's parole policies did not effect a miscarriage of justice), *Timmreck*, 441 U.S. at 783-85 (ruling that a technical violation of Federal Rule of Criminal Procedure 11 did not result in miscarriage of justice), and *Hill v. United States*, 368 U.S. 424, 428, (1962) (holding that denial of allocution at sentencing in violation of Federal Rule of Criminal Procedure 32(a) was not miscarriage of justice), with *Davis*, 417 U.S. at 346-47 (determining that subsequent change in substantive law making defendant's past conduct lawful is a sufficient basis for collateral attack).

Defendant proffers no argument that his sentence was the result of a fundamental defect which resulted in a complete miscarriage of justice or was inconsistent with the rudimentary demands of fair procedure. Defendant's position is a disagreement with the manner in which the sentences were imposed, not that the court committed some error in sentencing. This "disagreement" is not cognizable in a § 2255 motion, as collateral review is an extraordinary remedy and "'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)

(quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)). The reasonableness of a sentence is a matter for direct appeal. Even though Defendant waived his right to file a direct appeal, if Defendant believed that his sentence was somehow unlawful, the waiver did not preclude the filing a notice of appeal on this issue.

More significantly, Defendant stipulated to a 120-month sentence in his plea agreement in an effort to avoid the much lengthier sentence which he could have faced had he been convicted of the charges contained in the Indictment. Defendant certainly cannot claim that he did not know that 120 months would likely be the sentence imposed, as this court specifically discussed such with Defendant at his Rule 11 hearing:

> [Court]: It's my understanding that you have discussed the guidelines with your lawyers, but that you have determined that those guidelines are going to be so far above [the] statutory maximums [for the crimes of conviction] that your case is going to be driven by the statutory maximums. The important thing for you to remember . . . is when the guidelines exceed the statutory maximum, but you have two counts, the judge stacks the counts to get to the highest possible sentence nearest that guideline range. And in your case that is why you are getting to a 10-year sentence. Do you understand that?
>
> [Defendant]: Yes, ma'am.

Tr. of Guilty Plea at 31.

Therefore, as to Defendant's second ground for relief, the Government is entitled to summary judgment.[2]

---

[2] Defendant's argument that this court failed to consider the § 3553(a) factors is without merit. *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006) (district court does not need to "robotically tick through § 3553(a)'s every subsection").

7

## CONCLUSION

The Government's Motion for Summary Judgment is **granted** and the motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 23, 2008

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\06-319 USA v. Matthew Golden gr govt sumjgm.wpd